UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-1497(DSD/DTS)

Pharmaceutical Research and
Manufacturers of America,

                    Plaintiff,

v.                                                    **ORDER**

Stuart Williams, et al.,

                    Defendants.


This matter is before the court on the objections by plaintiff Pharmaceutical Research and Manufacturers of America (PhRMA) to the February 8, 2024, orders of Magistrate Judge David S. Schultz regarding the scope and timing of discovery.


**BACKGROUND**

This dispute arises out of the recently enacted Alec Smith Insulin Affordability Act (Act). Compl. ¶ 1. PhRMA is a nonprofit corporation that represents pharmaceutical companies and serves as the pharmaceutical industry's "principal public policy advocate." Id. ¶¶ 10, 12. Its member companies include Eli Lilly and Company (Lilly), Novo Nordisk Inc., and Sanofi, which collectively manufacture most of the insulin sold in Minnesota and the United States. Id. ¶ 13. Defendants are members of the Board of Pharmacy, named only in their official capacities, who enforce

the Act.[1]  Id. ¶¶ 15.  The Act requires manufacturers to provide insulin for free to Minnesota residents who meet certain criteria. Id. ¶ 64; Minn. Stat. § 151.74, subdiv. 1(a)

PhRMA claims it will incur significant expenses by being forced to give away free insulin and administering both programs. Id. ¶ 75.  PhRMA also claims that it will be subject to penalties if it does not comply with the Act.  Id. ¶ 76.

On June 30, 2020, PhRMA filed this suit alleging that the Act violates the Takings Clause of the Fifth Amendment.  Id. ¶¶ 80-85.  PhRMA also asserted that one of the Act's exemptions violates the Commerce Clause, but it has since withdrawn that claim as moot. See ECF No.72, at 3 n.1.  PhRMA seeks declaratory and injunctive relief.

Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.  The court granted the motion, concluding that PhRMA lacked standing.  ECF No. 81.  PhRMA appealed and the Eighth Circuit Court of Appeals

---

[1] Defendants Stuart Williams, Stacey Jassey, Mary Phipps, Andrew Behm, James Bialke, Amy Pardis, Rabih Nahas, Samantha Schirmer, and Kendra Metz are members of the Board of Pharmacy. Compl. ¶¶ 16-24.  The parties stipulated to the dismissal of defendants Nate Clark, Peter Benner, Suyapa Miranda, David Fisher, Jodi Harpstead, Phil Norrgard, Stephanie Stoffel, and Andrew Whitman, who are members of the Board of MNSure.  ECF No. 22; see also Compl. ¶¶ 25-32.

reversed and remanded.  The Eighth Circuit specifically held that PhRMA has standing and may seek equitable relief on behalf of its members.  <u>Pharm. Rsch. & Mfrs. Of Am. v. Williams</u>, 64 F.4th 932, 945-48 (8th Cir. 2023).  The Eighth Circuit also concluded that PhRMA alleges a per se, physical taking rather than a regulatory taking, which means that an "ad hoc factual inquiry" as to the impact of the taking on each of PhRMA's members is unnecessary. <u>Id.</u> at 947-48.  As correctly noted by the magistrate judge, given this ruling, the issue now before the court is whether the Act constitutes a per se taking of private property for public use without just compensation in violation of the Fifth Amendment.

On remand to this court, defendants answered the complaint and asserted several affirmative defenses including the following at issue here: PhRMA's members permitted a public nuisance that the Act seeks to abate, and PhRMA's members agreed to the Act in exchange for the benefit of a Minnesota drug-manufacturer license. ECF No. 117, at 11.

On September 14, 2023, Magistrate Judge Schultz ordered the parties to submit their discovery plans and allowed objections to be lodged.  Each side proposed vastly different discovery plans, both in terms of scope and timing.  For example, PhRMA took an expansive view of the case and argued for eighteen months of

discovery, including unlimited third-party discovery. <u>See</u> ECF No. 133, at 11. Defendants, however, argued that discovery should be narrow and completed in three months given the limited issue presented. <u>Id.</u> at 11-12.

In the context of determining the proper scope of discovery, Magistrate Judge Schultz appropriately considered whether defendants' affirmative defenses were viable. He concluded that defendants' public nuisance and license defenses did not apply in this case.[2] <u>See id.</u> at 15-24. He also determined that defendants are not entitled to discovery on the injunctive relief factors because the Eighth Circuit determined that PhRMA is entitled to seek injunctive relief without an ad hoc inquiry into the harm to each of its members. <u>Id.</u> at 26. Consistent with those rulings, the magistrate judge issued a pretrial scheduling order requiring fact discovery to be completed by May 8, 2024. ECF No. 134, at 1.

Defendants now object to both orders, arguing that: (1) the ruling regarding the scope of discovery – and specifically the dismissal of two of their affirmative defenses – is incorrect as a matter of law; (2) the determination that there should be no

---

[2] Magistrate Judge Schultz also found that defendants' economic benefit versus burden defense was not viable. ECF No. 133, at 24. Defendants do not challenge that aspect of the order.

discovery on the injunctive relief factors was in error; and (3)
the discovery timeline is far too short.[3]  See ECF No. 139.

## DISCUSSION

## I.   Standard of Review

"The standard of review on an objection to a magistrate
judge's order depends on whether that order is dispositive."
Strike 3 Holdings, LLC v. Doe, 330 F.R.D. 552, 554 (D. Minn. 2019).
The district court reviews a magistrate judge's dispositive
decisions de novo and non-dispositive rulings for clear error.
See Fed. R. Civ. P. 72.  "In determining whether a ruling is
dispositive, Rule 72 'permits the courts to reach commonsense
decisions rather than becoming mired in a game of labels.'"  Id.
(quoting E.E.O.C. v. Schwan's Home Serv., 707 F. Supp. 2d 980, 988
(D. Minn. 2010)).  "Courts typically consider 'the impact on the
merits of the case in deciding whether [the motion] should be
characterized as dispositive.'"  Id. (citation omitted).

Here, the court finds the order to be dispositive with respect
to the dismissal of defendants' affirmative defenses and the
determination that there should be no discovery on the injunctive

---

[3]   The first order, ECF No. 133, addresses the scope of
discovery while the second order, ECF No. 134, establishes the
discovery timeline.

relief factors because they affect not only the scope of discovery, but the merits of the case.  The court will therefore review those aspects of the order de novo.  The court will review the order's timeline for discovery for clear error, and in doing so will be guided by its decision regarding the scope of the case.

## II.  Affirmative Defenses

### A.  Nuisance Defense

Defendants argue that they are entitled to maintain a public nuisance defense, which would support a finding that the Act does not constitute a taking.  They contend that because PhRMA's members have engaged in monopolistic pricing practices leading to an insulin affordability crisis, they have created a public nuisance the abatement of which does not constitute a taking.  The magistrate judge determined, after a thorough analysis, that public nuisance law does not apply to "pricing of a legal, beneficial medicine" and thus is not a cognizable defense in this case.  See ECF No. 133, at 15-21.

Defendants disagree with the magistrate judge's analysis and conclusion.  The court has carefully reviewed the magistrate judge's order, the parties' memoranda, and relevant case law and finds that the magistrate judge was correct in all respects.  The facts of this case simply do not support application of the public

nuisance defense.  The court refers specifically to the magistrate judge's thorough, well-written, and legally sound analysis in making this de novo determination.  Defendants' objection is overruled.

**B.   Licensing-Benefit Defense**

Defendants argue that the Act is not a taking because PhRMA's members agreed to its terms in exchange for the right to maintain their Minnesota manufacturer's licenses.  The magistrate judge disagreed, finding that the burden imposed by the Act (providing free insulin) are not tied to a governmental benefit (licensing). This is because failure to comply with the Act would result in a fine rather than revocation of the manufacture's license.  <u>Id.</u> at 23.  In addition, the Act does not affect the manufacturers' preexisting right to sell insulin, it simply requires the manufacturers to also provide free insulin to those in need.  <u>Id.</u> at 22-23.  As such, the magistrate judge found that defendants failed to identify a "pre-existing limitation inherent in property ownership that requires owners to forfeit their property at no cost to maintain a license to manufacture, distribute, or sell that property."  <u>Id.</u> at 23.

7

As above, defendants' objection to this aspect of the order is unpersuasive.  The magistrate judge's findings, analysis, and conclusions are correct, even under de novo review.

## III. Injunctive Relief Factors

Defendants argue that discovery should be expanded to include inquiry into the injunctive relief factors.  Defendants focus their argument on their perceived need to explore the balance-of-harms factor.  But as the magistrate judge noted, the Eighth Circuit has already ruled that PhRMA is entitled to seek injunctive relief.  The court therefore does not need to assess the balance of harms to determine whether the Act constitutes a taking and may be enjoined.  As a result, allowing such discovery would be unhelpful and needlessly time and resource consuming.

## IV. Discovery Timeline

Because the court has concluded that the magistrate judge's ruling on the scope of discovery was correct, it will not alter the substance of the order filed as ECF No. 133.  Given the delay in the pre-trial schedule caused by the objection process, however, the court is mindful that the dates set forth in the order filed as ECF No. 134 may need to be amended by Magistrate Judge Schultz, as necessary.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the objection/appeal [ECF No. 139] to the magistrate judge's orders is overruled.


Dated: April 2, 2024

                              s/David S. Doty
                              David S. Doty, Judge
                              United States District Court